(Stark County Court of Common Pleas.)

MYER MARGOLIUS *v.* THE STATE OF OHIO.

1. *Adulterated food—Prosecution for refusal to supply sample for analysis to interested person.*—In a prosecution for failure to supply sample of article of food for analysis at the request of a person interested in such prosecution, tendering the regular price for the same, the affidavit which fails to state the name of the person who demanded the sample for analysis, and also fails to name the article of which a sufficient sample for analysis was demanded, and fails to designate the act of the legislature averred to be violated, is fatally defective.
2. It is error, on the trial in such a case, for the court to refuse to admit evidence on behalf of the defendant to show that he did not expose and did not offer for sale any of the articles as claimed on the part of the prosecution.

(Decided January, 1895.)

McCARTY, J.

The affidavit upon which this action was brought, reads af follows: "Before me, the undersigned authority, personally came W. H. Stewart, and on his oath did declare and say, that on or about the 9th day of October, 1894, at the county aforesaid, one Myer Margolius did expose for sale an article of food included in the provisions of the Act of the General Assembly of the state of Ohio, passed April 29, 1884, and did refuse to persons interested, and who demanded the same, and who applied to him for the purpose, and did tender to him the value of the same, a sample sufficient for the analysis of said article of food so in his possession, as aforesaid, contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Ohio.

"(Signed)　　W. H. STEWART.

" And sworn to before R. H. FOLGER, *Justice of the Peace.*"

It is claimed that this affidavit is defective in three particulars. One is, that it does not state the name of the party who demanded the article for an analysis; another is, that is does not name the article that was demanded for analysis; and another is, that it does not state what the act is, so as to give the title of the act that was violated or alleged to have been violated by the defendant below, the plaintiff in error.

When we come to look at this affidavit particularly, it says, " that on or about the 9th day of October, 1894, at the county aforesaid, one Myer Margolius did expose an article of food included in the provisions of the Act of the General Assembly of the State of Ohio"—an article of food, one of the articles of food mentioned in the statute ; and then it says, "in the provisions of the Act of the General Assembly of the state of Ohio, passed April 29, 1884."

The affiant does not say what act was passed April 29, 1884, or refer to it in any other way, except in the language I have read. " And did refuse to persons interested, and who demanded the same, and who applied to him for the purpose, and did tender to him the value of the same, a sample sufficient for analysis of said article of food so in his possession as aforesaid."

In each one of these three particulars mentioned in the petition in error, and to which I have called attention, this affidavit is defective. One of the objects of the particularity of the description of an offense, and one of the principal objects, is that a prosecution may always be pleaded in bar to another action, or another prosecution for the same offense. Now, they say here, that he "did refuse to persons interested." If there was but one person interested in all the world, or two persons, and he used the

plural as he did here, that would perhaps sufficiently describe it; but there could be no identification of these parties aside from other parties who might be interested in the analysis.

There may be many persons in the state of Ohio, each equally interested in the analysis of food with these parties whom he claims appeared and demanded the article of food for analysis.

It is stated also in the affidavit that he demanded one of the articles of food mentioned in the act passed. It does not say what article of food he demanded; there is no identification of that; there is no selection of it from anything else; and to say that he could go into a store or a business place, where there were perhaps forty articles of food exposed for sale, and say that I went in and demanded an article of food, and not further say what article of food he selected and demanded—it is simply nonsense to talk about holding a man to answer to a criminal charge on an affidavit made up in this manner.

Again: He says that the act was done contrary to the provisions of an act passed by the General Assembly of the state of Ohio on the 29th day of April, 1884. I did not take the pains to look how many acts were passed on that day; or how many penal statutes were passed on that day; but it is sufficient for my purpose to say that the affidavit should distinctly set forth what particular act is violated; if they intend to describe the violation by simply the language of the statute, they must refer to the particular act that was violated, and give the title to the act, so that it may be described with sufficient definiteness as to be pleaded in bar to a future prosecution that might be instituted.

It is no answer to say that there may never be a future prosecution. That isn't it. That does not answer the condition under the law and settled practice, that requires all those matters to be set forth with precision definiteness and certainty, so as to advise a party particularly of what he is to answer.

I find that the affidavit is defective in each and every one of these particulars. It is also claimed that there was an error in the court below in refusing to permit testimony introduced by the defendant below, tending to show that he did not expose and did not offer for sale any of the articles that were claimed on that trial to have been exposed and offered for sale.

That was excluded by the magistrate, the court below, and I think, improperly excluded.

In examining the authorities cited by counsel for plaintiff in error, I am forced to the conlusion, not unwillingly either, that it is the law that the court below should have permitted the proof to have gone to the jury to show that the defendant below did not expose and did not offer for sale, and in fact refused to sell from any of the packages from which it is claimed the demand had been made for articles for inspection and analysis.

I do not find it necessary to go over this charge; I have read it over carefully; but there is error enough in the affidavit and in the refusal to permit the testimony to go to the jury tending to show that these articles were not exposed for sale and were not there for sale. There is enough error in those matters to require at the hands of this court, a reversal of the judgment; and it will be reversed, and the action dismissed.